## STATE ex SCHOEDINGER et v LENTZ et

Ohio Appeals, 1st Dist, Hamilton Co

No 4913.   Decided March 9, 1936

Dolle, O'Donnell & Cash, Cincinnati, and George E. Fee, Cincinnati, for relators.

John D. Ellis, Cincinnati, and J. B. Grause, Jr., Cincinnati, for respondents.

### OPINION

By ROSS, PJ.

This is an original action in mandamus.

Sections 44-A-B of the Regulations of the Police Relief Fund of the City of Cincinnati provide as follows:

"Widows' and Children's Pensions: Amount Paid.

"44. (A)  If a member of the Division of Police, Department of Safety, while in the performance of his duty, be killed, or die from the effects of the wounds, so received, his widow, child, or children, who was living with said member at the time of his death, shall receive a pension as provided for in paragraph (C) of this rule.  The provisions of this rule shall be effective, without regard to the length of service.

"(B)  If a member of the Division of Police, Department of Safety, be injured in the line of duty, and die from the effects thereof, or die from the effects of any disease contracted in the line of duty, or, if a member shall, after serving a period of Ten (10) Years, therein, or while retired, subject to the provisions, hereinafter stated, die, from any cause, such member, so killed or dying from any cause, or after said term of service or retirement, subject to the terms hereinafter stated, shall have a Widow or Minor Child or Children, under the age of Sixteen (16) years or a Mother or Father, who depended on him for support, the Board of Trustees shall authorize and direct the payment from the said Police Relief Fund in the following sums, namely:"

The relators are the children of a deceased police officer, who was killed while cleaning his service revolver through the accidental discharge thereof.  He had less than ten years service.  He was at home at the time of the accident and was not on active duty, although subject to call at any moment.  The police regulations required him to carry his weapons always upon or near his person when on or off duty.  It was also required to be constantly kept in a serviceable condition.  Inspection of the same was made each morning when the officer reported for duty.

There is no doubt in the mind of this court that the officer was killed while in the performance of duty as well as in the line of duty.

We see no distinction between a case where an officer is killed while engaged in the act of rendering his weapon effective for service and one who is killed by the act of a marauder whom he seeks to apprehend by the use of such weapon.  It is obviously too late to clean and oil a weapon when the time requiring its use for protection or apprehension has arrived.

The writ will be granted.

MATTHEWS and HAMILTON, JJ, concur.